1
 2025 CO 30 The People of the State of Colorado, Petitioner v. Jessica Jo Roberson, Respondent No. 23SC622
Supreme Court of Colorado, En Banc
May 27, 2025
 
          
 Certiorari to the Colorado Court of Appeals Court of Appeals
 Case No. 21CA1713
 
 
          Judgment
 Reversed
 
 2
 
          
 Attorneys for Petitioner: Philip J. Weiser, Attorney General
 Brittany Limes Zehner, Assistant Solicitor General Denver,
 Colorado
 
 
          
 Attorneys for Respondent: Megan A. Ring, Public Defender
 James S. Hardy, Lead Deputy Public Defender Denver, Colorado
 
 
          
 Attorneys for Amicus Curiae Rocky Mountain Victim Law Center:
 Matthew Beresky Justin Summers Lakewood, Colorado
 
 3
 
          
 Justice Hart delivered the Opinion of the Court, in which
 Justice Boatright, Justice Hood, Justice Samour, and Justice
 Berkenkotter joined. Justice Gabriel, joined by Chief Justice
 Márquez, concurred in the judgment.
 
 
          
 OPINION
 
 
           HART,
 JUSTICE
 
 4
 
          ¶1
 Jessica Jo Roberson pleaded guilty to one count of forgery
 and one count of theft and agreed to pay $21,450 in
 restitution, with "additional restitution" to be
 determined. Defense counsel confirmed this agreement to the
 court during the providency hearing. Then at sentencing,
 Roberson herself told the court that she "most
 definitely want[ed] to repay the victims." Twenty-eight
 days later, the prosecution filed a proposed order for
 $62,241.28 in restitution. Roberson's counsel objected
 and asked for additional time to review the numbers
 underlying the proposed amount. The court offered a hearing
 date outside the ninety-one-day statutory deadline in section
 18-1.3-603(1)(b), C.R.S. (2024), to make a final
 determination of the restitution amount. Roberson's
 counsel accepted that date.
 
 
          ¶2
 The question we answer here is whether Roberson's
 acceptance of a hearing date outside the ninety-one-day
 statutory deadline constituted a voluntary waiver of a
 statutory right. We conclude that it did.
 
 
          I.
 Facts and Procedural History
 
 
          ¶3
 Roberson formerly worked for a car dealership. During the
 time she was employed at the dealership, she apparently
 forged her name on four business checks and used the company
 credit card to make several unauthorized purchases. She
 pleaded guilty to felony counts of forgery and theft,
 misdemeanor criminal mischief, and a probation violation. At
 the time of sentencing, the victim had
 
 5
 
 determined the value of certain elements of these offenses
 but told the prosecution he needed more time to go through
 records to determine what other losses might be directly
 attributable to Roberson's conduct. The plea agreement,
 which was part of the sentence, therefore provided that the
 "parties stipulate to $21,450.00 in restitution for the
 benefit of [the victim]. Additional restitution will be
 reserved."
 
 
          ¶4
 Accordingly, during the sentencing hearing on June 25, 2020,
 the district court stated that it would "order
 restitution, reserving the amount, and give the People until
 July 24[] to file any notice," after which it would give
 Roberson fourteen days to file an objection. At defense
 counsel's request, however, the court changed
 Roberson's objection deadline to twenty-one days after
 the notice and stated: "[I]f you need an extension at
 that point, just file a motion[,] [a]nd we'll see where
 we are within the [ninety-one] days."
 
 
          ¶5
 Twenty-eight days after sentencing, on July 23, the
 prosecution requested restitution in the amount of
 $62,241.28. The next day, consistent with its original
 sentencing order but not with the colloquy at sentencing, the
 court ordered that Roberson had fourteen days, until August
 7, to file an objection to the restitution request. On August
 10, because defense counsel had not filed an objection, the
 court entered an order for the amount of restitution
 requested by the prosecution.
 
 
          ¶6
 On August 11, however, defense counsel filed an objection and
 asked the court to reconsider its restitution order because
 she had relied on the court's
 
 6
 
 statement at sentencing that Roberson would have twenty-one
 days to object to the restitution amount. The court granted
 Roberson's motion "based on the reasons stated in
 the motion" and directed the parties to set the matter
 for a status conference.
 
 
          ¶7
 The court held a status conference on August 13, at which
 defense counsel, who was new to the case, explained that she
 needed additional time to gather information about the plea
 negotiations as well as additional information from the
 prosecution to substantiate the claimed amount of
 restitution. At that conference, the court proposed a hearing
 date of October 2, which was outside the ninety-one-day
 statutory deadline for determining restitution. §
 18-1.3-603(1)(b) ("subsection (1)(b)"). Defense
 counsel agreed to that date.
 
 
          ¶8
 Several additional continuances were requested, most by
 defense counsel, and the restitution hearing was ultimately
 held on two days in August and September 2021. On the final
 day of the restitution hearing-446 days after
 sentencing-Roberson argued that the court lacked the
 authority to enter any restitution because the ninety-one-day
 statutory deadline had passed. The court disagreed and stated
 that it "[could] find, and [did] find, good cause to not
 have entered the order for restitution based upon the
 objection and the necessity of setting it for a
 hearing." Ultimately, the court found that the
 prosecution provided
 
 7
 
 sufficient evidence to establish restitution in the amount of
 its most recent amended request of $59,870.93.
 
 
          ¶9
 Roberson appealed. A week after Roberson filed her notice of
 appeal, we issued our opinion in People v. Weeks,
 2021 CO 75, ¶ 5, 498 P.3d 142, 148, and held that trial
 courts must determine and order the amount of restitution
 owed within ninety-one days of sentencing, absent an express
 and timely finding of good cause to extend that deadline.
 Pursuant to Weeks, Roberson argued in the court of
 appeals that the district court lacked the authority to order
 restitution because it didn't make an express good-cause
 finding before the statutory deadline passed. The People
 countered that Roberson had waived this claim by accepting a
 hearing date outside the ninety-one-day deadline and then
 requesting additional extensions beyond that timeframe.
 
 
          ¶10
 A unanimous division of the court of appeals agreed with
 Roberson, explaining that neither an implicit finding of good
 cause nor one made after the statutory deadline expires is
 sufficient to extend the deadline. People v.
 Roberson, 2023 COA 70, ¶ 12, 537 P.3d 825, 828. The
 division noted that the district court had initially entered
 a timely restitution order on August 10, 2020, but concluded
 that the court had ultimately failed to meet the deadline to
 enter a final order when it set a status conference for
 October 2 without making an express good-cause finding.
 Id. at ¶ 14, 537 P.3d at 828. The division
 rejected the People's argument
 
 8
 
 that Roberson had waived this claim because Roberson accepted
 the October 2 hearing date. According to the division,
 "[h]ad the legislature intended for acceptance of a date
 beyond the ninety-first day to have these [waiver]
 consequences, it would have so indicated in the plain
 language of the restitution statute." Id. at
 ¶ 29, 537 P.3d at 831. The division further concluded
 that the People's argument that Roberson's several
 requests for continuances constituted waiver similarly lacked
 merit because the district court "was already without
 authority to order restitution" once the ninety-one-day
 deadline had passed. Id. at ¶ 30, 537 P.3d at
 831. Accordingly, the division vacated the district
 court's restitution order. Id. at ¶ 34, 537
 P.3d at 831.
 
 
          ¶11
 The People petitioned this court for certiorari review, and
 we granted that petition.[1]
 
 9
 
          II.
 Analysis
 
 
          ¶12
 For the reasons we explain in our opinion in Babcock v.
 People, 2025 CO ___, ¶¶ 21-26, ___P.3d ___,
 one of the four companion cases we announce today, the
 ninety-one-day statutory period within which a judge should
 set a restitution amount is not jurisdictional and can be
 waived.
 
 
          ¶13
 We review de novo whether a claim is waived. Richardson
 v. People, 2020 CO 46, ¶ 21, 481 P.3d 1, 5. When
 the right at issue is a statutory right, waiver "must be
 voluntary, but need not be knowing and intelligent."
 Finney v. People, 2014 CO 38, ¶ 16, 325 P.3d
 1044, 1050.[2] Waiver can be demonstrated through
 explicit words or actions, or it may be implied "as when
 a party engages in conduct that manifests an intent to
 relinquish a right or privilege or acts inconsistently with
 its assertion." Forgette v. People, 2023 CO 4,
 ¶ 28, 524 P.3d 1, 7. Moreover, when statutory rights are
 at issue, the actions of counsel are relevant to our
 analysis, as "[c]ounsel may waive a defendant's
 statutory rights." Finney, ¶ 16, 325 P.3d
 at 1050. Waiver extinguishes error and therefore appellate
 review. Rediger, ¶ 40, 416 P.3d at 902.
 
 
          ¶14
 Here, the right asserted is statutory: the right to have a
 restitution amount ordered within ninety-one days of
 sentencing absent an express finding of good
 
 10
 
 cause to extend that deadline. § 18-1.3-603(1)(b). And
 the People assert that Roberson waived any claim that the
 restitution order against her must be vacated due to the
 alleged violations of the statutory deadline. Therefore, the
 issue before us is whether the record demonstrates a
 voluntary waiver of Roberson's statutory rights. We
 conclude that it does.
 
 
          ¶15
 Roberson asserts that her case is indistinguishable from
 Weeks. But it is not, and the differences are
 pivotal. In Weeks, the People did not argue before
 this court that a waiver had occurred, and Weeks, in fact,
 asserted his statutory rights before the ninety-one-day
 deadline had lapsed. In Weeks, without defense
 objection, the trial court granted the prosecution ninety-one
 days to request an amount of restitution. ¶ 11, 498 P.3d
 at 149. Nine days later, however, the prosecutor filed a
 motion asking the court to enter an "interim
 amount" of $525.00 while he investigated whether there
 were grounds to seek more. Id. at ¶ 12, 498
 P.3d at 149. Twenty-three days after the prosecution's
 motion, well before the expiration of the ninety-one days,
 defense counsel objected, arguing that the issue of a
 restitution amount could not remain open indefinitely so the
 "interim amount" should be considered final.
 Id. at ¶ 13, 498 P.3d at 149. The court did not
 act on either the prosecution's motion or the
 defendant's objection. Id. at ¶¶
 12-13, 498 P.3d at 149. Eventually, at a defense-requested
 hearing ten months after sentencing, the defendant argued
 that the court no longer had the authority to order a
 restitution
 
 11
 
 amount because the ninety-one-day deadline in subsection
 (1)(b) had lapsed. Id. at ¶ 14, 498 P.3d at
 149-50.
 
 
          ¶16
 By contrast, here, Roberson did not object to the trial
 court's suggestion that the parties hold a second status
 conference on October 2-ninety-nine days after
 sentencing. That second conference was set in response to
 Roberson's request for more documentation regarding the
 amount of restitution, which had been requested twenty-eight
 days after sentencing. What's more, Roberson then
 requested four additional continuances between
 October 2 and June 25 of the following year, despite the fact
 that the ninety-one days had already elapsed. Unlike in
 Weeks, at no point did Roberson argue that the
 amount she assented to in her plea agreement should be
 finalized on the ninety-first day. And it was not until 446
 days after sentencing that Roberson even attempted to assert
 her statutory right to a restitution order within ninety-one
 days.
 
 
          ¶17
 Roberson's failure to object to a hearing outside the
 statutory deadline and subsequent repeated requests for
 continuances-all without any mention of the ninety-one-day
 deadline despite numerous opportunities to do so-reflects
 "conduct that manifests an intent to relinquish a right
 or privilege or acts inconsistently with its assertion."
 Forgette, ¶ 28, 524 P.3d at 7. The
 division's conclusion to the contrary was in error.
 Roberson's failure to object to the October 2 hearing,
 when it fell outside of the ninety-one-day deadline and when
 
 12
 
 the statutory deadline had been expressly mentioned at the
 sentencing hearing, constituted a voluntary waiver of a
 statutory right.
 
 
          III.
 Conclusion
 
 
          ¶18
 Roberson voluntarily waived the statutory claim she presented
 to the court of appeals and now presents to this court.
 Accordingly, we reverse the division's opinion and remand
 the case for further proceedings, including consideration of
 Roberson's contentions not previously reached by the
 division.
 
 
          
 JUSTICE GABRIEL, joined by CHIEF JUSTICE MÁRQUEZ,
 concurred in the judgment.
 
 13
 
          
 JUSTICE GABRIEL, joined by CHIEF JUSTICE MÁRQUEZ,
 concurring in the judgment.
 
 
          ¶19
 For the reasons set forth in my opinion concurring in the
 judgment in Babcock v. People, 2025 CO 26,
 ___P.3d___ (Gabriel, J, concurring in the judgment), which is
 also being announced today, I continue to believe that a
 waiver is "the intentional relinquishment of a
 known right or privilege." People v.
 Rediger, 2018 CO 32, ¶ 39, 416 P.3d 893, 902
 (quoting Dep't of Health v. Donahue, 690 P.2d
 243, 247 (Colo. 1984)). Accordingly, for the reasons further
 set forth in my separate opinion in Babcock,
 ¶¶ 54-62, I cannot agree with the majority's
 conclusion that Jessica Jo Roberson implicitly waived her
 claim of a violation of the restitution statute when she
 assented to a hearing on her objection to the district
 court's restitution order after the restitution
 statute's ninety-one-day deadline, §
 18-1.3-603(1)(b), C.R.S. (2024), had expired. Maj. op.
 ¶¶ 12-17.
 
 
          ¶20
 For different reasons, however, I reach the same ultimate
 conclusion in this case as the majority. Here, the district
 court entered an order determining the amount of restitution
 before the expiration of the statutory ninety-one-day period.
 Accordingly, the entry of the order complied with the
 statute. It was only after the court entered its timely order
 that Roberson objected and sought a hearing, and she then
 requested multiple continuances of that hearing. In these
 circumstances, any error by the court in reconsidering its
 restitution award after the expiration of the ninety-one-day
 deadline was arguably invited by Roberson.
 
 14
 
 See Rediger, ¶ 34, 416 P.3d at 901 (noting that
 the invited error doctrine prevents parties from complaining
 on appeal of errors that they invited or injected into a
 case). Even if any such error was not invited, however, for
 the reasons set forth in my separate opinion in
 Babcock, ¶¶ 48-53, I believe that
 Roberson's request for or assent to a hearing beyond the
 ninety-one-day statutory deadline established good cause
 under section 18-1.3-603(1)(b) for extending that deadline.
 
 
          ¶21
 For these reasons, I perceive no error in the district
 court's conducting a hearing on Roberson's objection
 to the restitution award beyond the statute's
 ninety-one-day deadline. Accordingly, I respectfully concur
 in the majority's judgment.
 
 
 ---------
 
 
 Notes:
 
 
 [1] We granted certiorari to review the
 following issues:
 
 
 1. Whether a defendant invites error or waives a claim
 that their restitution order must be vacated due to statutory
 procedural violations when they agree to pay restitution in
 their plea agreement, object to a timely restitution request
 and order, and request and expressly agree to a restitution
 hearing set beyond the ninety-one-day statutory
 deadline.
 
 
 2. If not waived or invited, whether an appellate
 court can affirm a restitution order where a violation of the
 restitution statute's procedural requirements is
 harmless.
 
 
 [2] This is an important distinction from
 waiver of a fundamental constitutional right, which we have
 emphasized is "the intentional relinquishment of a
 known right or privilege." People v.
 Rediger, 2018 CO 32, ¶ 39, 416 P.3d 893, 902
 (quoting Dep'ts of Health v. Donahue, 690 P.2d
 243, 247 (Colo. 1984)).
 
 
 ---------